.SCHOOL-DISTRICT No. 10, IN WASHINGTON COUNTY, *vs.* JOHN THE-
LANDER.

November 29, 1884.

**Public Schools—Revocation of License to Teach—Evidence.**—Gen. St.
1878, *c.* 36, § 67, makes it the duty of a county superintendent to keep a
record of re-examinations and revocations, (of licenses to teach,) provided
for in section 69 of the same chapter, and such record is the best and the
proper evidence of a revocation.

This action was brought in the district court for Washington county,
to recover from defendant, clerk of school-district No. 10 in that
county, double the amount ($68.75) of an order drawn by him, July
11, 1882, as clerk, on the district treasurer, and paid by the latter,
in favor of one Alice Elliott, the teacher of the public school in the
district during the spring and summer of 1882, who, the complaint
alleges, was unlawfully employed as such, having no license to teach.

After the decision of a former appeal, (31 Minn. 333,) holding the
complaint sufficient, the defendant answered, a jury was waived, and
the action was tried by *McCluer*, J. It appeared that in the fall of
1881, the county superintendent granted Alice Elliott a certificate for
one year. The plaintiff, to prove a revocation and cancellation of
the certificate, proved by the superintendent that he cited the teacher
to be re-examined on April 27, 1882, and offered to prove by his oral
testimony that, on such re-examination, and on the same day, he can-
celled and annulled her certificate. The defendant objected to this
as not the proper evidence to prove the fact alleged, and the objection
was sustained, the plaintiff excepting. The plaintiff then introduced
a written notice dated April 29, 1882, signed by the superintendent
and addressed to defendant as clerk of the school-district, notifying
him that the superintendent had on that day revoked the license of
Alice Elliott to teach in the public schools of the county, and that
she was then under contract to teach in school-district No. 10. Hav-
ing proved by the superintendent that he personally served this notice
on defendant on May 1st, the plaintiff also proved by him that he

also served on the teacher, on the same day, a copy of the same no-- tice, to which was annexed a statement signed by him that the paper so served was a copy of a notice filed in the office of defendant as clerk of the district. He also testified that before serving the notice he made a record of the revocation in his books. This last testimony was admitted merely to show that the witness made a record of his proceedings on the re-examination, but not to show what the record was. The record was not produced.

It was admitted that defendant drew the order for salary of the teacher under her contract with the school-district, and that it was paid.

The defendant thereupon moved for a dismissal, on the ground that no competent evidence of the annulling or revocation of the teacher's certificate had been introduced. The motion was granted, the court holding that the record of the superintendent's proceedings on the re-examination was necessary to make out the plaintiff's case. A new trial was refused, and the plaintiff appealed.

*Fayette Marsh* and *Ira W. Castle,* for appellant.

*Clapp & Macartney,* for respondent.

BERRY, J. By section 69, chapter 36, Gen. St. 1878, a county superintendent is authorized "to cite to re-examination" any person holding a license and under contract to teach any common school in the county, and upon certain specified grounds to revoke such license,.. "filing in the office of the district clerk a statement that he has made such revocation," and delivering a copy thereof to the person whose license is revoked; "and such revocation shall take effect and be in. force from and after the filing of such statement as aforesaid, and. the teacher's contract with the district shall become void therefrom."

Obviously, the revocation of a license is an act independent of and anterior to the making or filing of the "statement" with the clerk, or the delivery of the "copy" to the teacher. The filing of the "state-- ment" gives effect to the previous act of revocation, (if there has been one,) terminates the contract between the teacher and the district, and formally notifies the clerk, whose duty it is to draw warrants for· the teacher's wages, (section 45,) that the district will not be liable for the teacher's future services. The "statement" is then evidently·

for the benefit of the district, just as the "copy" is for the benefit of the teacher. They do not constitute the act of revocation, nor are they a record of it, but are simply designed to carry it into effect. Hence they are not proper evidence of it any more than an execution is evidence of a judgment. The revocation should be proved by some other means, and, as it is a *quasi* judicial act, no means are so appropriate and conformable to the practice in analogous cases as a legal *record* of the superintendent's official action.

We hold that, as respects re-examinations and revocations, such a record is provided for by section 67 of the chapter cited, which requires county superintendents to "keep records of all examinations, in books provided for that purpose by their counties." "Examinations" may well include "re-examinations;" and the eminent propriety of such a record for the benefit of other districts of the county, and of the successor (section 60) of the revoking superintendent, is apparent. The very fact that the *license* is recorded, (section 67,) renders the recording of its *revocation* important, if not indispensable. A familiar rule makes such an official record the best and the proper evidence of the fact recorded.

Order affirmed.